SABRINA SMITH
2325 Henry Street
Guntersville, Alabama      35976
TEL: (256) 582-9500
FAX: (256) 582-0200



FILED

FEB 2 2 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**PRO SE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SABRINA SMITH, in her capacity as
Successor in Interest Tommy
Christopher Tucker and as
Administrator Ad Litem of the
Estate of Tommy Christopher
Tucker, Deceased,

                    Plaintiff,

          v.

COUNTY OF SAN DIEGO, a municipal
corporation; Sheriff WILLIAM D.
GORE; Deputy Sheriff JOHN FERRIS;
Deputy Sheriff AARON HOXIE;
Deputy Sheriff MICHAEL JOHNSON;
Deputy Sheriff NIKHOLAS JOHNSON;
Deputy Sheriff BENJAMIN NAZERIAN;
Deputy Sheriff EDWARD WILT, and
DOES 1-20 inclusive,

                    Defendants.

'11 CV 0356      W    WVG

CASE NO.:

**COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS
(42 U.S.C. Sec. 1983)**

(1)  **Violation of the Right
     of Association – 42
     U.S.C. 1983**

(2)  **Deprivation of Life
     Without Due Process –
     42 U.S.C. 1983**

(3)  **Wrongful Death – 42
     U.S.C. 1983**

(4)  **Deliberate Indifference
     to Serious Medical Needs
     – 42 U.S.C. 1983**

**JURY TRIAL IS HEREBY DEMANDED**

CR

1    COMES NOW, SABRINA SMITH, individually and in her capacity as
2    Successor in Interest to Tommy Christopher Tucker and as
3    Administrator Ad Litem of the Estate of Tommy Christopher Tucker,
4    Deceased, pro se, and allege and complain as follows:

## I.

### INTRODUCTION

7    1.    This action arises from the denial of adequate medical
8    care, the use of unreasonable and excessive physical restraint and
9    subsequent choking death of Tommy Christopher Tucker, ("Decedent")
10   by San Diego County Deputy Sheriff JOHN FERRIS, Deputy Sheriff
11   AARON HOXIE, Deputy Sheriff MICHAEL JOHNSON, Deputy Sheriff
12   NIKHOLAS JOHNSON, Deputy Sheriff BENJAMIN NAZERIAN, Deputy Sheriff
13   EDWARD WILT and JOHN DOES 1 - 20 on February 22, 2009 in the San
14   Diego County Central Jail. Plaintiff is the sister and next friend
15   of Decedent and sues for violation of civil rights pursuant to 42
16   U.S.C. Section 1983 and the First, Fourth, Fifth, Eighth and
17   Fourteenth Amendments to the United States Constitution.

## II.

### JURISDICTION AND VENUE

20   2.    Plaintiff sues for violation of civil rights pursuant to
21   42 U.S.C. Section 1983.  This Court has jurisdiction over such
22   claims pursuant to 24 U.S.C. Sections 1331 and 1343.  Venue of this
23   lawsuit is proper in the United States District Court for the
24   Southern District of California, located in San Diego, California,
25   because, at all times relevant hereto, the acts and/or omissions
26   giving rise to the liability of these defendants occurred in San
27   Diego County, California and all of the defendants reside(d) in San
28   Diego County, California and were employed in San Diego County,

2

1    California with their principal place of business in San Diego

2    County, California.

3        3.   At all times relevant to this complaint, Plaintiff's

4    Decedent resided in San Diego County, California.  Plaintiff

5    SABRINA SMITH is the biological sister of the Decedent and the

6    Administrator Ad Litem of the estate of the Decedent.

7                              **III.**

8                            **PARTIES**

9        4.   Plaintiff SABRINA SMITH is the sister of Decedent Tommy

10   Christopher Tucker.  SABRINA SMITH is also the Administrator Ad

11   Litem of the estate of Tommy Christopher Tucker, deceased.  SABRINA

12   SMITH sues as Decedent's successor in interest to prosecute an

13   action for violation of Decedent's constitutional rights and as

14   Administrator Ad Litem of the estate of Tommy Christopher Tucker,

15   deceased.

16       5.   Defendant COUNTY OF SAN DIEGO (hereinafter "COUNTY") is a

17   municipal corporation duly organized and existing under the law of

18   the State of California and operates, through the San Diego County

19   Sheriff's Department, a central jail which houses prisoners in the

20   County of San Diego, California.

21       5.   Defendant WILLIAM D. GORE was at all relevant times the

22   Sheriff of San Diego County and as such was responsible for the

23   policies, customs and practices of the San Diego County Sheriff's

24   Department, including all policies, customs and practices relating

25   to the operation of the San Diego County Central Jail.

26       6.   Defendants JOHN FERRIS, AARON HOXIE, MICHAEL JOHNSON,

27   NIKHOLAS JOHNSON, BENJAMIN NAZERIAN and EDWARD WILT, at all times

28   relevant to this complaint, were San Diego Deputy Sheriffs employed

                              3

1    by the County of San Diego, and were employed by, and were the

2    agents of, the County of San Diego.  They are sued in both their

3    individual and official capacities.

4         7.   Plaintiff is unaware of the true names and capacities of

5    DOES 1 through 20, inclusive, and/or are truly ignorant of the

6    facts giving rise to their liability and will amend this complaint

7    once their identities have been ascertained as well as the facts

8    giving rise to their liability.  These defendants were agents,

9    servants and employees of each other of the other named defendants

10   and were acting at all times within the full course and scope of

11   their agency and employment, with the full knowledge and consent,

12   either expressed or implied, of their principal and/or employer and

13   each of the other named defendants and each of the defendants had

14   approved or ratified the actions of the other defendants thereby

15   making the currently named defendants herein liable for the acts

16   and/or omissions of their agents, servants and/or employees.

17                              **IV.**

18                             **FACTS**

19        Plaintiffs reallege all prior paragraphs of this complaint and

20   incorporate the same herein by this reference as if those

21   paragraphs were set forth in full herein.

22        8.   On January 13, 2009, Plaintiff's Decedent Tommy

23   Christopher Tucker was incarcerated in the San Diego County Central

24   Jail in San Diego County, California.

25        9.   On January 13, 2009, Plaintiff's Decedent was 36 years

26   old.  He was also obese.  At the time of his death he was 6'1" tall

27   and weighed 290 pounds.

28        10.  Upon being booked into the central jail, the Decedent

                                4

1    relayed during a medical questionnaire that he had been an
2    asthmatic since childhood and that he had received an unspecified
3    head injury previously that caused seizure disorders and other
4    mental issues.

5         11.   The Decedent further relayed that he had been diagnosed
6    with schizophrenia, with paranoia and with depression and that he
7    had attempted suicide several times with the latest attempted
8    suicide occurring on November 11, 2008.   Decedent relayed that he
9    had been prescribed the medications Risperdal, Haldon and
10   Albuterol.

11        12.   While incarcerated, the Decedent had an unknown number of
12   seizure episodes and during one of these he fell from the top bunk
13   of his cell requiring medical attention at the University of
14   California San Diego Medical Center ("UCSD") on January 23, 2009.

15        13.   At that time the Decedent was only taking the medication
16   Klonopin.   Upon information and belief, Klonopin was the only
17   medication that the Decedent was administered or allowed to take
18   any time while he was incarcerated, although he required additional
19   medications as indicated above.

20        14.   It is unknown to Plaintiff at this time whether her
21   Decedent was a pre-trial detainee or an inmate serving a jail
22   sentence, or both, at the times material hereto.   Hence,
23   Plaintiff's allegations here are made alternatively under the 4th
24   and 8th Amendments of the United States Constitution.

25        15.   From the time of his incarceration until his death, the
26   Decedent was not given proper medical treatment and medications to
27   control his mental issues, to-wit to control his Schizophrenia and
28   paranoia. Upon information and belief, Defendant Sheriff Gore, the

**COMPLAINT**

1   Defendant Deputy Sheriff officers and Does 1-20 were aware that the
2   Decedent suffered from mental illness and that the Decedent was
3   neither treated or medicated for these issues while incarcerated.

4       16.  On the evening of February 22, 2009, the Decedent became
5   agitated at one or more jail personnel and was subjected to
6   unreasonable and excessive use of force to restrain him.  This
7   include, *inter alia*, being sprayed with Oleoresin Capsicum ("O.C.")
8   spray, being forcibly held face down on the ground by the
9   defendants while he was rear cuffed and being subjected to an
10  illegal carotid artery restrain.

11      17.  Defedants Nazerian, Ferris, Michael Johnson, Nikholas
12  Johnson, Hoxie, Wilt and John Does eventually placed the Decedent
13  face down on the ground.  They also put a spit sock on the Decedent
14  even though there was no indication that this was needed, which
15  further constricted the Decedent's breathing.

16      18.  Defendants Wilt and Nazerian applied handcuffs to the
17  Decedent while the decedent was face down.  This put all of the
18  Decedent's weight on his belly.

19      19.  Defendants Nazerian, Ferris, Michael Johnson, Nikholas
20  Johnson, Hoxie, Wilt and John Does forcibly held the decedent face
21  down on the ground.  After being restrained in this fashion, the
22  Decedent was rolled over onto his back and was noted to be
23  unresponsive and cyanotic, meaning that the Decedent was killed as
24  a result of the force and/or the carotid artery hold that he was
25  subjected to at the hands of the defendants.

26      20.  On information and belief, while he was being restrained
27  in the manner and fashion described above, and as he was losing his
28  ability to breath, the Decedent pleaded with the defendants to

1    relax their restraint but to no avail.

2        21.   The autopsy report filed by the Office of the Medical
3    Examiner of the County of San Diego attributed the cause of death
4    to anoxic encephalopathy due to police restraint efforts including
5    pepper spray and carotid restraint and the manner of death as a
6    homicide.   The report noted, *inter alia*, that the Decedent suffered
7    acute hemorrhage of the right cervical (neck) musculature, carotid
8    sheath and jugular vein.

9        22.   As a direct and proximate result of the manner in which
10   the Decedent was restrained by the defendant officers, Decedent's
11   brain was completely deprived of oxygen for a sufficiently long
12   time to cause hypoxia and death.

13       23.   At no time during the time that the Decedent was being
14   restrained did any of the defendants, despite a constitutional
15   obligation to do so, intervene to protect the decedent or object to
16   the manner in which the Decedent was being restrained.

17       24.   The incident was captured on a jail video surveillance
18   tape and was ruled a homicide by the San Diego County Chief Medical
19   Examiner, Glenn N. Wagner, D.O., on March 27, 2009.

20       25.   The Decedent did not recover from the injuries he
21   received at the hands of the defendant and he was pronounced dead
22   on February 25, 2009.

23       26.   As a direct and proximate result of the defendants'
24   wrongful conduct, the plaintiff and the plaintiff's Decedent
25   sustained substantial damages including, *inter alia*, extreme pain
26   and suffering, loss of life, loss of familial association and
27   violation of constitutional rights.

28

7

**COMPLAINT**

# V.
## FIRST CAUSE OF ACTION

### Right of Association – 42 U.S.C. 1983
### [By Plaintiff SABRINA SMITH and Decedent TOMMY CHRISTOPHER TUCKER against all defendants]

Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

27.   Defendants and John Does, inclusive, acting under color of state law, deprived Tommy Christopher Tucker of his rights under the United States Constitution to be free from punishment without due process of law, free from cruel and unusual punishment and to be free from the use of excessive force by law enforcement by restraining and battering him unreasonably and with deliberate indifference to the safety and welfare of Tommy Christopher Tucker, including watching him suffocate and die. By these acts, the defendants violated Tommy Christopher Tucker's constitutional rights to be free from excessive force, punishment without due process of law, cruel and unusual punishment, and all rights guaranteed under the First, Fourth, Eighth and Fourteenth Amendments.  The officers used excessive force as alleged above against Tommy Christopher Tucker, with a purpose to cause harm that is unrelated to the legitimate use of force.  The force was used to make Tommy Christopher Tucker suffer and to punish him.  The force used was unreasonable and performed with a deliberate indifference to the safety and welfare of Tommy Christopher Tucker.

28.   The deprivation of the rights alleged above has destroyed the Constitutional rights of Tommy Christopher Tucker and Sabrina Smith to the familial love, society and companionship protected by

1  the substantive due process clause of the Fourteenth Amendment.

2      29.  The deprivation of the constitutional rights pled in this

3  cause of action also resulted from an unwritten custom, policy and

4  practice in the San Diego Sheriff's Department of using carotid

5  artery restraints, the use of the spit sock and restraints

6  unsuitable to deal with someone who was overweight and suffering

7  from asthma and other medical problems and constituted deliberate

8  indifference to the Constitutional rights of Tommy Christopher

9  Tucker which was the moving force behind the Constitutional

10  violations in this cause of action.  Moreover, defendants were on

11  notice of these unreasonable practices as a result of prior

12  incidents at the jail where detainees or inmates died under similar

13  circumstances, such as the death of Marshawn Washington, Jr., on

14  February 2, 2001.  On information and belief, there have been other

15  similar deaths since that time and prior to the death of the

16  Decedent in this case.

17      30.  The conduct alleged herein violated Tommy Christopher

18  Tucker's rights as alleged above thereby resulting in a deprivation

19  of those rights, all of which legally, proximately, foreseeably and

20  actually caused plaintiff and plaintiff's decedent to suffer

21  emotional distress, pain and suffering, and further damages

22  according to proof at the time of trial.

23      31.  The conduct of the defendants as alleged herein also

24  amounted to willful and wanton conduct the award of exemplary or

25  punitive damages against these defendants in an amount according to

26  proof at the time of trial in order to deter the defendants from

27  engaging in similar conduct and to make an example by way of

28  monetary punishment.  Plaintiffs are also entitled to attorney fees

9

**COMPLAINT**

1    and costs of suit herein pursuant to statute.

2                                 **VI.**

3                      **SECOND CAUSE OF ACTION**

4

5         **Wrongful Death - 42 U.S.C. §§ 1983, 1988**
          **[By Plaintiffs SABRINA SMITH and TOMMY**
6           **CHRISTOPHER TUCKER against all defendants]**

7         Plaintiffs reallege all prior paragraphs of this complaint and

8    incorporate the same herein by this reference as if those

9    paragraphs were set forth in full herein.

10        32.   Defendants and John Does, inclusive, acting under color

11   of state law, committed wrongful acts which proximately caused the

12   death of TOMMY CHRISTOPHER TUCKER.  Specifically, the defendants

13   and John Does, inclusive, deprived Tommy Christopher Tucker of his

14   rights under the United States Constitution to be free from

15   punishment without due process of law, free from cruel and unusual

16   punishment and to be free from the use of excessive force by law

17   enforcement by unreasonably and excessively restraining him with

18   deliberate indifference to the safety and welfare of Tommy

19   Christopher Tucker, including watching him suffocate and die,

20   improperly using a carotid artery hold knowing that it could and

21   did cause serious bodily injury to Tommy Christopher Tucker.  By

22   these acts, the defendants violated Tommy Christopher Tucker's

23   constitutional rights to be free from excessive force, punishment

24   without due process of law, cruel and unusual punishment, and all

25   rights guaranteed under the First, Fourth, Fifth, Eighth and

26   Fourteenth Amendments.  The officers used excessive force as

27   alleged above against Tommy Christopher Tucker, with a purpose to

28   cause harm that is unrelated to the legitimate use of force.  The

                                  10

                              **COMPLAINT**

force was used to make Tommy Christopher Tucker suffer and to punish him.  The force used was unreasonable and performed with a deliberate indifference to the safety and welfare of Tommy Christopher Tucker.

33.  The deprivation of the rights alleged above has destroyed the Constitutional rights of Sabrina Smith and Tommy Christopher Tucker to the familial love, society and companionship as sister and brother protected by the substantive due process clause of the Fourteenth Amendment.

34.  The deprivation of the constitutional rights pled in this cause of action also resulted from an unwritten custom, policy and practice in the San Diego Sheriff's Department of unreasonable and excessive use of restraint techniques, including the use of a carotid artery hold, applying excessive weight and force on the decedent while he was face down on the ground and use of the spit sock as being deliberately indifferent to the Constitutional rights of Tucker which was the moving force behind the Constitutional violations in this cause of action.

35.  The conduct alleged herein violated Tommy Christopher Tucker's rights alleged above thereby resulting in a deprivation of plaintiff's rights alleged above which has legally, proximately, foreseeably and actually caused plaintiffs to suffer emotional distress, pain and suffering, and further general and special damages according to proof at the time of trial.

11

**COMPLAINT**

1    36.   The conduct of the defendants as alleged herein also
2 amounted to willful and wanton conduct the award of exemplary or
3 punitive damages against these defendants in an amount according to
4 proof at the time of trial in order to deter the defendants from
5 engaging in similar conduct and to make an example by way of
6 monetary punishment.  Plaintiffs are also entitled to attorney fees
7 and costs of suit herein pursuant to statute.

8
9                               **VII.**
10                        **THIRD CAUSE OF ACTION**
11
12              **Civil Rights Violation - 42 U.S.C. 1983**
         **[By Plaintiffs Sabrina Smith as Successor in Interest to the**
13       **Estate of Tommy Christopher Tucker against all defendants]**

14    Plaintiffs reallege all prior paragraphs of this complaint and
15 incorporate the same herein by this reference as if those
16 paragraphs were set forth in full herein.
17    37.   Defendants and John Does, inclusive, acting under color
18 of state law, deprived Tommy Christopher Tucker of his rights under
19 the United States Constitution to be free from punishment without
20 due process of law, free from cruel and unusual punishment and to
21 be free from the use of excessive force by law enforcement by
22 punishing his for asking to speak to a supervisor and then
23 battering him unreasonably and with deliberate indifference to the
24 safety and welfare of Tommy Christopher Tucker which resulted in
25 serious bodily injury to Tommy Christopher Tucker and indeed
26 resulted in his death.  By these acts, the defendants violated
27 Tommy Christopher Tucker's constitutional rights to be free from
28 excessive force, punishment without due process of law, cruel and

**COMPLAINT**

1    unusual punishment, and all rights guaranteed under the First,
2    Fourth, Fifth, Eighth and Fourteenth Amendments. The officers used
3    excessive force as alleged above against Tommy Christopher Tucker,
4    with a purpose to cause harm that is unrelated to the legitimate
5    use of force. The force was used to make Tommy Christopher Tucker
6    suffer and to punish him. The force used was unreasonable and
7    performed with a deliberate indifference to the safety and welfare
8    of Tommy Christopher Tucker.
9        38. The deprivation of the constitutional rights pled in this
10   cause of action also resulted from an unwritten custom, policy and
11   practice in the San Diego Sheriff's Department of unreasonable and
12   excessive use of restraint techniques, including the use of a
13   carotid artery hold, applying excessive weight and force on the
14   decedent while he was face down on the ground and use of the spit
15   sock as being deliberately indifferent to the Constitutional rights
16   of Tucker which was the moving force behind the Constitutional
17   violations in this cause of action.
18       39. The conduct alleged herein violated Tommy Christopher
19   Tucker's rights alleged above thereby resulting in a deprivation of
20   plaintiffs' rights alleged above which has legally, proximately,
21   foreseeably and actually caused plaintiffs to suffer emotional
22   distress, pain and suffering, and further damages according to
23   proof at the time of trial.
24       40. The conduct of the defendants as alleged herein also
25   amounted to willful and wanton conduct the award of exemplary or
26   punitive damages against these defendants in an amount according to
27   proof at the time of trial in order to deter the defendants from
28   engaging in similar conduct and to make an example by way of

13

1  monetary punishment.  Plaintiffs are also entitled to attorney fees
2  and costs of suit herein pursuant to statute.

### VIII.

**FOURTH CAUSE OF ACTION**

**Civil Rights Violation – 42 U.S.C. 1983
[By Plaintiffs Sabrina Smith as Successor in
Interest to the Estate of Tommy Christopher
Tucker against all defendants]**

Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

41.  Defendants and John Does, inclusive, acting under color of state law, deprived Tommy Christopher Tucker of his rights under the United States Constitution to adequate medical care, including the right to receive medicine he was prescribed and the right to be housed in an appropriate facility given his medical and mental condition.  This denial of the right to adequate medical care constituted deliberate indifference to the serious medical needs and the safety and welfare of Tommy Christopher Tucker which resulted in serious bodily injury to Tommy Christopher Tucker and indeed resulted in his death.  By these acts, the defendants violated Tommy Christopher Tucker's constitutional rights to be free from excessive force, punishment without due process of law, cruel and unusual punishment, and all rights guaranteed under the First, Fourth, Fifth, Eighth and Fourteenth Amendments.  The denial of adequate medical care as alleged above against Tommy Christopher Tucker, was intended and did cause harm that is unrelated to the legitimate use of force.  This denial of adequate medical care was

14

1   done to make Tommy Christopher Tucker suffer and to punish him and
2   was unreasonable and was performed with a deliberate indifference
3   to the safety and welfare of Tommy Christopher Tucker.

4         38.   The deprivation of the constitutional rights pled in this
5   cause of action also resulted from an unwritten custom, policy and
6   practice in the San Diego Sheriff's Department of denying adequate
7   medical care to detainees in San Diego County jails and was the
8   moving force behind the Constitutional violations in this cause of
9   action.

10        39.   The conduct alleged herein violated Tommy Christopher
11  Tucker's rights alleged above thereby resulting in a deprivation of
12  plaintiffs' rights alleged above which has legally, proximately,
13  foreseeably and actually caused plaintiffs to suffer emotional
14  distress, pain and suffering, and further damages according to
15  proof at the time of trial.

16        40.   The conduct of the defendants as alleged herein also
17  amounted to willful and wanton conduct the award of exemplary or
18  punitive damages against these defendants in an amount according to
19  proof at the time of trial in order to deter the defendants from
20  engaging in similar conduct and to make an example by way of
21  monetary punishment.  Plaintiffs are also entitled to attorney fees
22  and costs of suit herein pursuant to statute.

23

24

25

26

27

28

15

**COMPLAINT**

1        **WHEREFORE**, plaintiffs demands the following relief

2  jointly and severally against all defendants:

3

4               (a)  a declaration that defendants violated the federal

5                    civil rights of plaintiffs;

6

7               (b)  compensatory damages for physical, emotional, and

8                    economic injuries suffered by plaintiffs by reason

9                    of defendants' unlawful and unjustified conduct, in

10                   an amount just and reasonable and in conformity with

11                   the evidence at trial;

12

13             (c)  punitive damages against the individual defendants

14                   to the extent allowable by law;

15

16             (d)  attorneys fees;

17

18             (e)  the costs and disbursements of this action; and

19

20             (f)  such other and further relief as appears just and

21                   proper.

22

23

24

25

26

27

28

**COMPLAINT**

1

2      I declare under the penalty of perjury that the foregoing is true and correct.

3      Dated: February 18, 2011

4                                                    Sabrina Smith

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## I. (a) PLAINTIFFS
Sabrina Smith

**DEFENDANTS**
COUNTY OF SAN DIEGO SAN DIEGO COUNTY
SHERIFF'S DEPARTMENT Sheriff WILLIAM

**(b)** County of Residence of First Listed Plaintiff   Marshall County, Al
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Pro Se

Attorneys (If Known)

'11 CV 0 35 6   W   WVG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983
Brief description of cause:
4th & 8th Amendment Violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 10,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 2-18-11   SIGNATURE OF ATTORNEY OF RECORD Sabrina Smith PRO SE

**FOR OFFICE USE ONLY**

RECEIPT # 23327   AMOUNT 350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CL   NS   2/22/11

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS023327
Cashier ID: msweaney
Transaction Date: 02/22/2011
Payer Name: SABRINA SMITH V COUNTY OF SD
------------------------------------
CIVIL FILING FEE
  For: SABRINA SMITH V COUNTY OF SD
  Case/Party: D-CAS-3-11-CV-000356-001
  Amount:        $350.00
------------------------------------
CHECK
  Check/Money Order Num: 17997842463
  Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.